UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.:** 20-cv-2849

REVIVE INVESTING LLC
DONNA ANN GABRIELE CHECHELE
    *Plaintiffs*
   v.

ARMISTICE CAPITAL MASTER FUND, LTD.
    *Defendant*
   and

AYTU BIOSCIENCES, INC.
    *Nominal Defendant*

## COMPLAINT

REVIVE INVESTING, LLC ("Revive") and DONNA ANN GABRIELE CHECHELE ("Chechele", and together with Revive, "Plaintiffs"), by and through their attorneys, bring this Complaint under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. § 78p(b), against ARMISTICE CAPITAL MASTER FUND, LTD. ("Armistice" or "Defendant"), and AYTU BIOSCIENCES, INC. ("Aytu" or "Nominal Defendant").

  Plaintiffs are stockholders of Aytu and respectfully allege the following on information and belief, except as to paragraphs 1 and 2, which Plaintiffs allege on personal knowledge.

THE PARTIES

**1.** Plaintiff Donna Ann Gabriele Chechele is a natural person, a resident of the State of New Jersey, and a stockholder of Aytu.

**2.** Plaintiff Revive Investing, LLC is a limited liability company formed under the laws of the State of Texas with a principal place of business located in Georgetown, Texas, and a stockholder of Aytu.

**3.** Nominal Defendant Aytu is a Delaware corporation headquartered in Englewood, Colorado, is the issuer of the securities that are the subject matter of this suit, and is the real party in interest with respect to the Plaintiff's claims. Aytu is included as a nominal defendant solely for the purpose of having all relevant parties before the court. Aytu can be served through its registered agent at:

> Corporation Service Company
> 251 Little Falls Drive
> Wilmington, DE 19808

**4.** Defendant Armistice is a Cayman Islands company managed from offices located in the state of New York at the following address:

> Armistice Capital Master Fund, Ltd.
> 510 Madison Avenue, 7th Floor
> New York, NY 10022

JURISDICTION AND VENUE

**5.** Because this action arises under Exchange Act Section 16(b), 15 U.S.C. § 78p(b), this court has exclusive subject matter jurisdiction without regard to the amount in controversy or the parties' citizenship under Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

2

**6.**   This court has personal jurisdiction over the defendant because it has transacted business within the State of Colorado and within the district.

**7.**   This court is proper venue for this action pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, because the actions that constitute the violations occurred, at least in part, within the district.

STATUTORY PREREQUISITES

**8.**   The short-swing trades described herein involve non-exempt transactions in non-exempt securities by non-exempt persons within the meaning of Section 16(b) of the Exchange Act.

**9.**   Plaintiff Revive's counsel made demand on Aytu for prosecution of these claims on March 13, 2020.

**10.**  Plaintiff Chechele's counsel made demand on Aytu for prosecution of these claims on April 30, 2020.

**11.**  Aytu declined to take action with respect to the transactions set forth in this complaint within 60 days from the date of Plaintiffs' demand letters.

**12.**  Plaintiffs are shareholders of Aytu and, as such, have a statutory right to bring this action to recover short-swing profits on behalf of Aytu pursuant to Section 16(b) of the Exchange Act, 15 U.S.C. § 78p(b).

FACTS COMMON TO ALL COUNTS

**13.**  This complaint alleges insider trading by Armistice through transactions in the common stock of Aytu (the "Common Stock") entered into between October 11, 2019, and March 10, 2020, the details of which are set forth below. Unless otherwise stated, the phrase "all times relevant to this action" in this Complaint refers to the period between and including those dates.

**14.** At all times relevant to this action, the Common Stock was traded on the NASDAQ.

**15.** At all times relevant to this action, the Common Stock was traded under the symbol "AYTU".

**16.** At all times relevant to this action, the Common Stock was registered pursuant to Section 12 of the Exchange Act.

**17.** At all times relevant to this action, the Common Stock was a class of Aytu's equity securities.

**18.** At all times relevant to this action, Armistice was the beneficial owner of more than 10% of the Common Stock of Aytu.

**19.** At all times relevant to this action, Armistice Capital, LLC ("Capital"), a Delaware limited liability company, was the investment manager of Armistice.

**20.** At all times relevant to this action, Boyd was a managing member of Capital and a director of Armistice.

**21.** Armistice, Capital, and Boyd (the "Armistice Group") constitiute a "group" with respect to investment in Aytu within the meaning of Rule 13d-5(b)(1), 17 C.F.R. § 240.13d-5(b)(1).

**22.** At all times relevant to this action, the Armistice Group was the beneficial owner of more than 10% of the Common Stock of Aytu.

TRANSACTIONS

**23.** On a Form 4 filed by the Armistice Group on October 16, 2019, Armistice reported an acquisition from Aytu of 5,000 shares of Series F Convertible Preferred Stock (the "Convertible Preferred") and 5,000,000 Warrants to acquire the Common Stock (the "Warrants"). A copy of the Form 4 is attached as Exhibit A.

**24.** The Convertible Preferred was convertible into Common Stock at a rate of $1.00 face amount of Convertible Preferred per share of Common Stock, or 5,000,000 shares

of Common Stock, upon approval by the Aytu shareholders.

**25.** The Warrants were exercisable at a price of $1.25 per share of Common Stock upon approval by the Aytu shareholders.

**26.** On January 24, 2020, at a special meeting of the Aytu shareholders, the shareholders approved the Convertible Preferred and Warrants.

**27.** The shareholder approval made the Convertible Preferred convertible by Armistice.

**28.** The shareholder approval made the Warrants exercisable by Armistice.

**29.** On the date of shareholder approval, the market price of the Common Stock, as reported by the Yahoo Finance website was as follows:

| Date | Open | High | Low | Close | Volume |
|---|---|---|---|---|---|
| 2020-01-24 | 0.8400 | 0.8400 | 0.8000 | 0.8100 | 60,800 |

**30.** Taking the average of the high and low prices, the market price of the Common Stock on the date of the shareholder approval was $0.82 per share.

**31.** On a Form 4 filed by the Armistice Group on December 23, 2019, the Armistice Group reported a purchase on December 19, 2019, by Armistice of 52,788 shares of Common Stock at a weighted-average price of $0.85 per share. A copy of the Form 4 is attached as Exhibit B.

**32.** On the same Form 4, the Armistice Group reported a purchase on December 20, 2019, by Armistice of 26,000 shares of Common Stock at a weighted-average price of $0.88 per share.

**33.** On a Form 4 filed by the Armistice Group on March 12, 2020, the Armistice Group reported the sale by Armistice on March 10, 2020, of 19,569,979 shares of Common Stock at a weighted average price of $1.47 per share. A copy of the Form 4 is attached as Exhibit C.

**34.** On the same Form 4, the Armistice Group reported the sale by Armistice on March 10, 2020, of 2,456,822 shares at a weighted average price of $0.99 per share.

**35.** On March 13, 2020, the Armistice Group reported the individual March 10, 2020, sales from which the weighted average prices reported on the March 12, 2020 Form 4 were computed. A copy of the Schedule 13D/A is attached as Exhibit D.

**36.** By virtue of the transactions described in the prior three paragraphs, Armistice sold a total of 22,026,801 shares of Common Stock, resulting in proceeds of $31,224,692.12.

**37.** The transactions described in paragraphs 23 to 26 (the "PIPE Purchases") constituted purchases for purposes of Section 16(b) of 10,000,000 shares of Common Stock.

**38.** By virtue of Section 16(b) of the Exchange Act, Armistice is accountable to Aytu for any profit realized plus interest and costs.

**39.** Based on the foregoing, Armistice realized a profit from the transactions alleged herein. For each share of Common Stock purchased by Armistice, a corresponding sale of Common Stock was made at a higher price by Armistice within a period of less than six months. For the purpose of calculating the profits Armistice realized by virtue of his short-swing trades, the Securities and Exchange Commission (the "SEC") endorses the "lowest-in, highest-out" approach:

> Profit is computed by matching the highest sale price with the lowest purchase price within six months, the next highest sale price with the next lowest purchase price within six months, and so on, until all shares have been included in the computation.

SEC Release No. 34-18114 n. 102 (1984).

**40.** Using the lowest-in, highest-out method, Armistice has realized illicit profits in the amount of at least $8,364,415.28, as a result of short-swing trading activity during the two-year period ending on the date of this Complaint.

**41.** The precise amount of short-swing profit is unknown and should be determined on an accounting.

## COUNT I
### SECTION 16(B)

**42.** Plaintiffs incorporate by reference all allegations of the previous paragraphs as if fully stated herein.

**43.** As result of these transactions Aytu is entitled to all profits realized by Armistice resulting from short-swing trading during all periods not barred by the relevant statute of limitations in an amount of at least $8,364,415.28.

**44.** Aytu is entitled to interest on the profits realized by them calculated from the date the profits were realized.

WHEREFORE, Plaintiffs demand judgment against Armistice as follows:

(a) For recovery from Armistice of all profits resulting from their short-swing trades in Aytu Common Stock in violation of Section 16(b) of the Exchange Act during all periods not barred by the statute of limitations in an amount of at least $8,364,415.28;

(b) For interest on the amount of profits recovered, calculated from the time Armistice realized the profits;

(c) For its reasonable attorney's fees;

(d) For its costs; and

(e) For such other and further relief as the Court deems just.

## COUNT II
### ACCOUNTING

**45.** Plaintiffs incorporate by reference all allegations of paragraphs 1 through 41 above as if fully stated herein.

**46.** Plaintiffs, in order to fully evaluate its claim, require an accounting from Armistice of all transactions in the equity securities of Aytu from the date two years preceding

the filing of this Complaint to the present.

WHEREFORE, Plaintiffs demand an accounting from Armistice with respect to their transactions in the equity and derivative securities of Aytu.

DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all questions so triable.

Respectfully submitted,

September 21, 2020

| /s/ Daniel E. Doherty | /s/ James A. Hunter |
|---|---|
| Daniel E. Doherty | James A. Hunter |
| DE DOHERTY LAW OFFICE, LLC | HUNTER & KMIEC |
| 7300 W. 110th Street, Suite 930 | 42 Stagecoach Rd. |
| Overland Park, KS 66210 | Pipersville, PA 18947 |
| Telephone: 913-338-7182 | Telephone: 484-437-5935 |
| FAX: 913-338-7164 | FAX: 646-462-3356 |
| E-mail: ded@ddoherty.net | E-mail: hunter@hunterkmiec.com |
| *Attorney for Plaintiff, Revive Investing LLC* | *Attorney for Plaintiff, Donna Ann Gabriele Chechele* |